## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ALVIN JONES, JR., # 311925,

        Petitioner,

v.                                      ACTION NO.
                                      4:06cv85

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

        Petitioner Alvin Jones ("Jones") was convicted in the Hampton County Circuit Court of malicious wounding, and use of a firearm in the commission of a felony and was sentenced to a term of twenty-three years, two months imprisonment.

        Jones's direct appeal of his convictions to the Virginia Court of Appeals was denied on January 10, 2003. A three-judge panel of the Virginia Court of Appeals denied the appeal again on

April 10, 2003.  The Virginia Supreme Court refused Jones's petition for appeal on September 15,

2003.  Jones then filed a habeas petition with the Virginia Supreme Court which was refused on

March 1, 2006.

Jones, presently in the custody of the Virginia Department of Corrections at the Nottoway

Correctional Center in Burkeville, Virginia, filed this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 on July 12, 2006.  On September 20, 2006, respondent filed a Rule 5 Answer and

Motion to Dismiss. Jones filed a response to the Motion to Dismiss on October 4, 2006.

### B. Grounds Alleged

Jones asserts he is entitled to relief under 28 U.S.C. § 2254:

> because he was denied effective assistance of counsel due to his
> counsel's failure to conduct adequate pre-trial investigation, whereby
> counsel failed to:
>
> (a)   present a medical expert to refute the extent of
>       the victim's alleged physical injuries;
>
> (b)   present evidence on the Petitioner's behalf
>       challenging the credibility of the key State's
>       witness; and
>
> (c)   share discovery material with the Petitioner,
>       thus, Petitioner was unable to participate in
>       the preparation of his defense.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims

must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when

the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as

those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428,

1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either

on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844

(1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603,

610 n.4 (4th Cir. 1997). Jones's petition to the Virginia Supreme Court for appeal contained the

same claim raised in the present petition; therefore Jones's Grounds (a) through (c) meet the

exhaustion requirement.

## B.  Merits

Grounds (a) through (c) alleged above as entitling Jones to relief were previously asserted

to the Virginia Supreme Court in his petition for appeal filed on September 6, 2005. The Virginia

Supreme Court denied the petition on March 1, 2006 based on the merits and the holding in

Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, this claim has been exhausted and is

ripe for federal review.

The controlling standard for ineffective assistance of counsel claims is found in Strickland

v. Washington, 466 U.S. 668 (1984).  In order to recommend granting Jones's relief on his

ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's

dismissal of Jones's claims was an unreasonable application of Strickland.  Strickland requires the

Virginia Supreme Court to analyze Jones's claims under a two-prong test: competence and

prejudice.  To have granted relief, the Virginia Supreme Court would have to have found that (1)

Jones's lawyer's performance fell below the range of competence demanded of lawyers in criminal

cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable

probability that but for the deficient performance by counsel the ultimate result would have been

different. <u>Strickland</u>, 466 U.S. at 694 (the "prejudice prong" of the test).  Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.

Jones has not overcome his burden to show that the Virginia Supreme Court acted unreasonably by denying his claim of ineffective assistance of counsel.   In regard to claim (a)(I), Petitioner seems to imply that a medical expert was required to determine if the injury was a permanent and significant physical impairment.  This may be the most frivolous argument presented by a lawyer in my nearly twenty years on the bench.  The petition cites the Federal Rules of Evidence in support, but these rules are not applicable in Virginia proceedings.  It is clear that the jury could reasonably conclude that someone in their twenties who was shot in the leg, wore a colostomy bag for four months, is no longer able to play sports or drive a car, and now suffers from incontinence, because of the acts of Petitioner, has suffered a permanent and significant physical impairment.  (Trial Tr. part 1, 80-83, Mar. 26, 2002). It was reasonable for counsel to not have a medical expert draw even more attention to Neverson's injuries.  In fact, suggesting that the victim was not seriously injured would have insulted the intelligence of the jury, as it does the Court.  In addition, Jones failed to present any evidence as to what a medical expert would testify. Jones not only fails the <u>Strickland</u> test, but his conclusory proffer is also fatal to his claim under <u>Bassette v. Thompson</u>, 915 F.2d 932, 940-41 (4th Cir. 1990).

Jones's Ground (b), is similarly deficient.   The Virginia Supreme Court could have reasonably found that counsel acted competently by choosing not to present additional evidence challenging the credibility of Neverson.   Counsel cross-examined Neverson regarding the prior incidents and the inconsistencies in his testimony regarding the dates. (Trial Tr. part 1, 99-102, Mar.

26, 2002).  In addition, counsel presented evidence from both Jones and Cooper that they were both in Mullins, South Carolina on October 4, 2000.  (Trial Tr. part 1, 219-20, 262-63, Mar. 26, 2002). The Virginia Supreme Court could have reasonably found that counsel acted competently in challenging the credibility of Neverson. The evidence that Jones argues was necessary is merely cumulative of what was already introduced.  Thus under Strickland, even had the Virginia Supreme Court acted unreasonably, there is no reason to believe that had that evidence been introduced the ultimate result would have been any different.

Finally, as the trial court found below, in regard to Ground (c), "the petitioner fails to articulate what evidence counsel should have shared or how it would have made a difference." Circuit Court for the City of Hampton Final Order at 2, Jun. 9, 2005.  Once again under Bassette, Petitioner makes a conclusory proffer which the Virginia  Supreme Court could reasonably reject and conclude that counsel acted with competence as there is no evidence to show otherwise.

This Court may not grant relief on any claim that was adjudicated on the merits in a state court unless such adjudication is contrary to law or involves an unreasonable determination of facts. 28 U.S.C. § 2254(d) (2000).  Upon a careful review of the record and Jones's contentions of ineffective assistance of counsel, this Court cannot find that the Virginia Supreme Court's adjudication on the merits was contrary to law nor involves an unreasonable determination of facts. The Virginia Supreme Court did not apply Strickland unreasonably.  Therefore, this Court recommends denying Jones relief on his claims of ineffective assistance of counsel, Grounds (a) through (c).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Jones's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Jones's Grounds (a) through (c) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and based on the holding in <u>Strickland</u> and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Jones has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 30, 2007

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:


JeRoyd W. Green, III, Esq.
2809 North Avenue, Suite 105
Richmond, VA 23222


Charles A. Murray, Esq.
1300 3rd Street, Suite 302B
Naples, Florida 34102


Thomas D. Bagwell, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


Fernando Galindo, Acting Clerk


By _____
        Deputy Clerk

         March    , 2007

8